# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| KEVIN RAYMOND SULLIVANT,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRUM MEDICAL SERVICES, NURSE PRACTITIONER JUDY, and RAVALLI COUNTY,<br><br>Defendants. | Cause No. CV 11-00119-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pending is Defendants Spectrum Medical, Inc. and Nurse Practitioner Judy's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants allege Mr. Sullivant's Amended Complaint fails to state a facially plausible claim against them. The motion should be denied.

By way of background, prior to this action being served on Defendants, the Court conducted a prescreening of Sullivant's allegations pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to examine a pro se prisoner complaint before it is served upon the defendants to determine if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.

In its Order of October 7, 2011, the Court specifically found, "[w]hile it is possible there were sufficient justifications to initially deny the mental health medications, the continued denial of those medications states a claim which will be served upon Defendant Nurse Practitioner Judy." (Dkt. 6, p. 9). Because Nurse Practitioner Judy could be considered a final policymaker for Spectrum Medical, the Court determined that Spectrum would also be held to answer the Amended Complaint. (Dkt. 12, p. 4).

The Court examined the Complaints to determine whether Sullivant had set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See* Order dated October 7, 2011 (Dkt. 6, p. 5) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted)). Therein the Court set forth the basis upon which it was examining Sullivant's allegations. By requiring a response from Defendants, the Court made the determination that Mr. Sullivant's allegations stated a claim that was plausible on its face.

The Court has already made a determination that the Amended Complaint states a claim upon which relief may be granted. As such, Defendants' Motion should be denied.

IT IS RECOMMENDED that:

Defendants Spectrum Medical and Nurse Practitioner Judy's Motion to Dismiss (Dkt. 23) should be denied and these Defendants should be required to file an Answer to the Amended Complaint.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of January, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge