IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| KEVIN RAYMOND SULLIVANT, | Cause No. CV 11-00119-M-DWM-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| SPECTRUM MEDICAL SERVICES, NURSE PRACTITIONER JUDY MUNSELL, and RAVALLI COUNTY, | |
| Defendants. | |

Pending is Plaintiff Kevin Sullivant's "Motion of Complaint and Request of Screened Court President of all Documents." (Dkt. 45). The Court has construed this motion as a discovery motion. Mr. Sullivant asks the Court to screen all documents exchanged between the parties to protect privacy concerns, to compel Defendants to provide Mr. Sullivant his discovery requests, to limit discovery to relevant issues, and to sanction defendants.

There are several problems with Mr. Sullivant's motion. First, Mr. Sullivant has failed to comply with the Rules of this Court regarding filing motions. Local Rule 7.1(c)(1) requires that the text of any motion, "must state that other parties have been contacted and state whether any party objects to the motion." Rule 37 of the Federal Rules of Civil Procedure requires discovery motions to "include a

certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Similarly, Local Rule 26.3(c)(1) states that, "[t]he Court will deny any discovery motion unless counsel have conferred concerning all disputed issues before the motion is filed."  Mr. Sullivant was provided with these rules with the Court's Scheduling Order (Dkt. 38) and yet failed to include such a certification with his motion.

      Secondly, the Court will not screen all documents exchanged between the parties for privacy concerns.  The privacy protection for filings made with the Court is set forth in Rule 5.2 of the Federal Rules of Civil Procedure.  But that rule only applies to documents actually filed with the Court, not to documents exchanged between the parties.  Pursuant to Local Rule 26.2, discovery documents are not routinely filed with the Court.  If for any reason, discovery documents need to be filed and those documents contain private information identified in Rule 5.2 of the Federal Rules of Civil Procedure, that information must be redacted.[1]

      Third, if Mr. Sullivant feels Defendants have not properly answered his

---

[1] Mr. Sullivant's motion included a HIPAA release form which contained his date of birth and social security number.  The Clerk of Court redacted this information but in the future all parties are responsible for redacting all private information in compliance with Fed.R.Civ.P. 5.2.

discovery requests, he must comply with Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26.3(c) when filing a motion to compel.

Fourth, if Mr. Sullivant feels Defendants are seeking information outside the scope of discovery or that the information to be exchanged needs to be protected he may file a motion for protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Such a motion must also comply with Local Rule 26.4. Mr. Sullivant is reminded, however, that Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for a broad scope of discovery. Defendants are free to seek all information whether or not it would be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Given Mr. Sullivant's denial of medical care claims, a request for a release of his medical record does not appear to be outside the scope of discovery.

Based on the foregoing, the Court issues the following:

## ORDER

1. Mr. Sullivant's "Motion of Complaint and Request of Screen Court President of All Documents" (Dkt. 45) is denied.

2. At all times during the pendency of this action, Mr. Sullivant SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of

address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Sullivant has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 24th day of April, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge