IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KEVIN RAYMOND SULLIVANT, | Cause No. CV 11-00119-M-JCL |
| Plaintiff, | |
| vs. | ORDER |
| SPECTRUM MEDICAL, INC., JUDY MUNSELL, N.P., LT. SCOTT LEETE, and RAVALLI COUNTY, | |
| Defendants. | |

Pending are Defendants' Motions to Dismiss for failure to exhaust administrative remedies (Dkt. 48, 56) and Defendants Leete and Ravalli County's Motion to Compel Discovery. (Dkt. 63). The motions will be granted.

## I. SULLIVANT'S ALLEGATIONS

Sullivant alleges he was denied mental health medications while incarcerated at the Ravalli County Detention Center. After hoarding medication, Sullivant was placed in a holding cell for approximately three weeks. He alleges his placement in the holding/observation cell was done to punish him and there was no plumbing or water in the cell just a drain in the floor. He states that he was only given water and bathroom privileges at the discretion of jail officials.

1

## II. MOTION TO DISMISS

### A. Standard

Defendants filed their Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20.

Defendants bear the burden of establishing that a plaintiff failed to exhaust administrative remedies. Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claims should be dismissed without prejudice. Wyatt, 315 F.3d at 1120; see also Jones v. Bock, 549 U.S. 199 (2007).

### B. Administrative Remedies

The Ravalli County Detention Center has an inmate information manual containing rules and regulations which is provided to inmates and was provided to Sullivant. The manual contains information which sets out the grievance procedure for inmates. The inmate can request a grievance form. The request

should contain a brief description of the nature of their complaint. Grievances can relate to any aspect of life in the Detention Center except for disciplinary procedures or other governmental agencies. Inmates are encouraged to attempt to resolve any issues informally with appropriate staff prior to filing a grievance. Upon receipt, the Lieutenant or his/her designee investigates the grievance and provides a response the aggrieved inmate within ten days. (Dkt. 49-3, p. 8: Ex. 1 to Affidavit of Chris Hoffman, p. 5).

### C. Analysis

Defendants move to dismiss arguing Sullivant failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") with regard to his placement in the holding/observation cell. The PLRA's exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001). This means a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

court." Woodford v. Ngo, 548 U.S. 81, 88 (2006).  Exhaustion is mandatory. Booth, 532 U.S. at 741.

It is undisputed that Sullivant had a copy of the Ravalli County Detention Center's grievance policy which required inmates to file a grievance setting forth the nature of their complaint and that he filed no such complaint regarding his placement in the holding cell.  Although Sullivant filed a response to Defendants' motions he did not address whether he had exhausted his holding cell claims.  He did not contend that he filed a grievance regarding his placement in the holding cell or the conditions in the holding cell.  Moreover, he provided no explanation for his failure to grieve this issue.  It being undisputed that Sullivant did not properly exhaust the available administrative remedies for his claims, Defendants' Motions to Dismiss should be granted.

## III.  MOTION TO COMPEL

### A.  Standard

Rule 26(b)(1) states that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense . . .   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

## B. Analysis

The Ravalli County Defendants (Lt. Scott Leete and Ravalli County) have moved to compel discovery responses from Sullivant. Discovery requests were served upon Sullivant on March 20, 2012. Sullivant failed to timely respond, therefore counsel for Defendants wrote a letter to Sullivant addressing the issue and allowing Sullivant until May 29, 2012 to provide responses. On June 11, 2012, Sullivant responded but Defendants contend many of his responses are inadequate.

Defendants filed their motion to compel on June 27, 2012. Dkt. 63. Local Rule 7.1(d)(1)(B) requires a response to this type of motion within 14 days. Accordingly, Sullivant's response was due on or before July 16, 2012 (allowing for three additional days for mailing. *See* Fed.R.Civ.P. 6(d)). To date, Sullivant has not responded to the motion. Failure to file a response brief may be deemed an admission that the motion is well-taken. L.R. 7.1(d)(1)(A).

The Court has reviewed the Ravalli County Defendants discovery requests and finds them to be reasonably calculated to lead to the discovery of admissible evidence. Defendants are primarily seeking medical information which is directly related to Sullivant's denial of medical care claims. In addition, they have given Sullivant the option of merely signing releases and letting them request, obtain, and

5

pay for the necessary records.

The Motion to Compel will be granted. Sullivant shall provided full and complete responses to the Ravalli County Defendants Requests for Production 1-6 and Interrogatories 1, 2, 4, 5, 6, and 7 on or before August 15, 2012 (the discovery deadline set in the March 16, 2012 Scheduling Order (Dkt. 38)). The scheduling order will be adjusted in light of this delay.

Failure to comply with this Order will subject Sullivant to sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. These sanctions include dismissal of the claims against the Ravalli County Defendants. *See* Fed.R.Civ.P. 37(b)(2)(A)(v). Defendants will be directed to provide an additional copy of the discovery requests and release forms to Sullivant.

Accordingly, the Court issues the following:

**ORDER**

1. Defendants' Motions to Dismiss (Dkts. 48, 56) are granted and all claims regarding Sullivant's placement in a holding/observation cell are dismissed without prejudice.

2. The Ravalli County Defendants' Motion to Compel (Dkt. 63) is granted. Sullivant must provide full and complete responses to the Ravalli County Defendants Requests for Production 1-6 and Interrogatories 1, 2, 4, 5, 6, and 7 on

or before August 15, 2012. Failure to comply with this Order may result in an order of dismissal of all claims against the Ravalli County Defendants.

    3. The Ravalli County Defendants shall provide Sullivant with an additional copy of the discovery requests to be answered pursuant to this Order and additional release forms.

    4. The Clerk of Court shall provide Sullivant with a copy of Rule 37 of the Federal Rules of Civil Procedure with the service copy of this Order.

    5. The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Discovery Deadline (all discovery completed): | October 1, 2012 |
| Motions deadline (fully briefed): | November 30, 2012 |
| Conference to Prepare Final Pretrial Order if no dispositive motions are filed: | December 14, 2012 |

**Continuance of the above deadlines will not be granted, absent compelling reasons.**

    DATED this 26th day of July, 2012.

                                         /s/ Jeremiah C. Lynch
                                         Jeremiah C. Lynch
                                         United States Magistrate Judge