IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KEVIN RAYMOND SULLIVANT, | Cause No. CV 11-00119-M-JCL |
| Plaintiff, | |
| vs. | ORDER |
| SPECTRUM MEDICAL SERVICES, NURSE PRACTITIONER JUDY MUNSELL, and RAVALLI COUNTY, | |
| Defendants. | |

Pending is Plaintiff Kevin Sullivant's "Motion to Compel the Admissions of both Munsell and Leete's Defendant Discoveries." Dkt. 91. Sullivant failed to comply with Rule 37 of the Federal Rules of Civil Procedure, Local Rule 7.1(c)(1), and Local Rule 26.3(c).[1] The motion will be denied without prejudice.

Rule 37 of the Federal Rules of Civil Procedure requires motions to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 7.1(c)(1) requires that "[t]he

---

[1]Sullivant was provided a copy of these rules with the Court's March 16, 2012 Scheduling Order. Dkt. 38.

1

text of the motion must state that other parties have been contacted and state whether any party objects to the motion." Local Rule 26.3(c)(1) provides,

> The Court will deny any discovery motion unless counsel have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voice-mail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face to face meeting, in a telephone conversation, or in detailed, comprehensive correspondence.

There is no required certification in Sullivant's motion.

More importantly, Sullivant failed to comply with Local Rule 26.3(c)(2) which provides:

> (2) All motions to compel or limit discovery must:
>     (A)   set forth the basis for the motion;
>     (B)   certify that the parties complied with subsection (c)(1) or a description of the moving party's attempts to comply; and
> (C) and attach, as an exhibit:
>     (i)   the full text of the discovery sought; and
>     (ii)  the full text of the response.

Sullivant did not provide a copy of his discovery requests or Defendants' responses to those requests. Moreover, he did not set forth the basis of his motion except to say that Defendants evaded most of his discovery questions. There is no indication what questions were asked by Sullivant, which responses he found to be deficient, or why he felt such responses were deficient. The Court cannot make a

determination regarding the adequacy of Defendants' discovery responses without such information.

Accordingly, IT IS HEREBY ORDERED that Sullivant's Motion to Compel (Dkt. 91) is denied without prejudice.  Sullivant may refile his motion (on or before the November 30, 2012 motions deadline) but only if he first confers with Defendants' counsel and is unable to resolve the discovery issues without Court action.

DATED this 15th day of November, 2012.

                                            Jeremiah C. Lynch
                                            United States Magistrate Judge